## LOUISIANA *v.* UNITED STATES.

In addition to the tax of one and one-half per cent, authorized by sect. 2, art. 3, of her charter, the city of Louisiana, Mo., may, by *mandamus,* be compelled to levy, assess, and collect a special tax, not exceeding one per cent. per annum, to pay a judgment rendered against her, whereon an execution has been issued and returned *nulla bona.*

ERROR to the Circuit Court of the United States for the Eastern District of Missouri.

The facts are stated in the opinion of the court.

Mr. *David P. Dyer* for the plaintiff in error.

Mr. *John D. S. Dryden* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The following are sects. 2 and 13 of art. 3 of the charter of the city of Louisiana, Mo. : —

"SECT. 2. The city council shall have power within the city by ordinance: First, to levy and collect taxes not exceeding one and one-half of one per centum per annum upon all property made taxable by law for State purposes, and to provide for the collection of the same by sale of real and personal estate in such manner as the council may, by ordinance, provide."

"SECT. 13. The council shall not fix or reduce the rate of taxation to less than one and one-half of one per centum per annum until two-thirds of such reduced rates of taxation shall be sufficient, including all sources of revenue, to meet and pay all accruing interest for the year affected by such reduction, without increasing the principal of the debt.'

Sect. 23, art. 7, provides that —

" If at any time the city council shall fail to make suitable provisions for the payment in whole or in part of any of its debts or liabilities contracted after the passage of this act, or heretofore lawfully contracted, for the term of twelve months after such debt or liability shall have become due and demand for payment made, it shall then be lawful for the Circuit Court or Court of Common Pleas, before which judgment of any such debt or liability shall have been obtained to make and enter up any such orders, decrees, and appointments as may be necessary for the levying, assessing, and collecting taxes in the city not exceeding one per centum per annum until such debt or liability shall be fully paid and discharged by the city authorities. The amount so collected to be applied, under the decree of the court, strictly to the payment of such debt or judgment."

Sects. 2415 and 2416 of the Revised Statutes of the State are as follows : —

" SECT. 2415. Whenever an execution issued out of any court of record in this State against an incorporated town or city shall be returned unsatisfied in whole or in part for want of property whereon to levy, such court, at the return term or any subsequent term thereof, may, by writ of *mandamus*, order and compel the chief officer, trustees, council, and all other proper officers of said city or town, to levy, assess, and collect a special tax to pay such execution and all costs."

" SECT. 2416. The court shall determine the time within which the levy and collection of such tax shall be made, and shall make all necessary orders to secure the prompt and speedy payment of such debt."

Wood, having recovered a judgment against the city in the Circuit Court of the United States for the Eastern District of Missouri, for $22,226.40, which had remained unpaid for more than twelve months, and on which an execution had been returned unsatisfied, the United States on his relation asked the court for a writ of *mandamus* to compel the levy and collection of a special tax for its payment. The city in defence claimed that it could not under its charter be required to levy such a tax, because it had already levied the full amount allowed by sect. 2, art 3, and there were other judgments (enumerating them) against it amounting with this to more than $100,000, while its taxable property was only $907,200.

Upon the trial of the cause several questions arose which resolved themselves into the following: 1, Whether the city could under the circumstances of this case be required to levy taxes in any one year for more than one and one-half of one per-cent on the value of the taxable property within its jurisdiction ; and, 2, if it could, whether the additional amount could exceed one per cent for all creditors having special judgments or contract rights. Upon these questions the judges of the court were divided in opinion, and they certified that fact here. The presiding judge, however, was of the opinion that the relator was entitled to a peremptory writ of *mandamus* requiring the levy and collection of a special tax sufficient to raise and pay $9,000 a year on his debt until it with the costs was fully satisfied, and a judgment was rendered accordingly. To reverse that judgment the case has been brought here by writ of error.

We are entirely satisfied that the view which the circuit judge took of the case was right, and that the judgment should be affirmed. The tax referred to in sect. 2, art. 3, of the charter is evidently the ordinary tax which the necessities of the city demand, and before anything more can be required, a case must be made for relief under sect. 23, art. 7, of the charter; or sects. 2415 and 2416 of the Revised Statutes, which are the same as

sects. 77 and 78, c. 160, of the General Statutes of 1865, p. 650. There cannot be a doubt that the General Statutes embrace this city. They in express terms apply to all incorporated towns and cities. Whether, so far as this city is concerned, the discretionary power vested in the court is limited to a tax of one per cent for each judgment obtained, is a question we need not decide, for in this case that limit has not been exceeded. The taxable value of the property in the city is over $900,000, and the tax each year for this judgment is limited to $9,000. We are, however, entirely clear that under the charter it is within the power of the court to carry the tax up to full one per cent for each debt on account of which such special relief is asked. Both the Revised Statutes and this particular section of the charter contemplate judgments against the city which cannot be collected by execution. In such a case permission is given to apply to the court in which the judgment has been rendered for special relief, or perhaps more properly a special order on the city to make provision for payment. What that provision shall be is left largely to the court to determine under the particular circumstances of each case, with a view to securing the prompt and speedy payment of the debt; but the money, when collected, must be applied strictly to the payment of the particular debt for which the special direction is given. Each tax must be levied and kept separate, but the amount to be levied in a particular case may be made dependent somewhat on other levies for other judgments or debts made payable at the same time. All such questions are with propriety left to the sound judicial discretion of the court, with a view to the prompt and speedy discharge of all the obligations of the city, without unnecessarily oppressing the taxpayers. The corporate authorities are fully empowered to tax to the extent of one and one-half per cent, and should do so if necessary; but if more is required in any particular case, resort must be had to the courts. The city authorities must in all cases make provision to pay all debts at maturity, if they have the power under the law; but if their powers are too much limited to enable them to do so, then the creditors have been given a special remedy on appeal to the courts. The effect of the several statutes is to limit the ordinary powers of the municipality

for taxation, but to give the courts ample authority, when a judgment has been obtained, to enforce execution by requiring the levy at a proper time, of a sufficient tax to meet the judgment. A *mandamus* in such a case is in the nature of an execution to collect the judgment.

*Judgment affirmed.*