### BEAULIEU & ALLEN v. CITY OF PLEASANT HILL.

*(Circuit Court, W. D. Missouri. October Term, 1882.)*

1. MANDAMUS TO COMPEL PAYMENT OF DEBT OF MUNICIPAL CORPORATION—RETURN.

   The return to an alternative writ of *mandamus*, issued against a city to enforce the payment of a judgment, must show that the city has exhausted its power in the levy and collection of taxes under power conferred upon it by its charter and its amendments, and that the revenues so collected have been properly applied.

2. MUNICIPAL CORPORATION—CREDITOR TAKING BOND—REMEDY.

   A creditor taking a bond of a municipal corporation whose taxing power at the time of the issuing of the bond was and still is limited, and providing that the bond and interest shall be paid out of the yearly revenue of the city, cannot insist on remedies beyond the limitation, but may insist on the full and proper exercise of such power within the limitation.

*Mr. Cockrell,* for relators.

*Whitsett & Comingo,* for respondent.

KREKEL, D. J. Relators, Beaulieu & Allen, recovered judgment in this court against respondent, the city of Pleasant Hill, in 1881, for the sum of $4,620. Failing to obtain satisfaction, they sued out an alternative writ of *mandamus*. The bonds, upon the coupons whereof the judgment was obtained, were issued by the city of Pleasant Hill to consolidate the floating debt of the city, under authority of an act of the legislature of Missouri amending its charter, passed in 1871. The bonds on their face recite that they were issued pursuant to section 12 of the amending act, and an ordinance of the city of Pleasant Hill providing for the payment of the floating debt of the city. The twelfth section of the amendment, providing for the consolidation of the floating debt and authorizing the issuing of bonds, in reference to them says they "shall bear interest at the rate of 10 per cent. per annum, payable semi-annually at the office of the city treasurer of the said city, which said interest shall be provided for and paid out of the yearly revenue of said city, and the principal of said bond may be paid out of the yearly revenue of said city."

The original charter of the city of Pleasant Hill, passed in 1859, provided in section 8 for the levy of taxes on real and personal property not to exceed one-fourth of 1 per cent. This section was amended in 1868, providing that the members of the council "shall have power by ordinance to levy and collect a tax not exceeding one dollar in any one year on all male inhabitants of the city of Pleasant Hill of the age of 21 years, and not over 50 years; also to levy and collect taxes on all real estate and personal property in said city subject to taxation by law not exceeding 1 per cent. on the assessed value thereof." This power, with its limitation regarding the levy and collection of taxes, was in force when the charter amendment of 1871 was passed. It did not in any way interfere with the limitation, but extended the power of taxation to the licensing and taxing of merchants, retailers, taverns, billiard tables, pigeon-hole tables, bagatelle tables, ten-pin alleys, and other gambling devices, hackney carriages, wagons, carts, drays, pawnbrokers, hawkers, peddlers, restaurants, eating-houses, livery stables, theatrical performances, circuses, and shows of whatever kind, singing concerts, and other amusements in said city; to levy and collect tax on dogs in said city; to tax, license, and regulate dram-shops and tippling-houses and saloons; to tax auctioneers; to impose fines, forfeitures, and penalties for breaches of city ordinances.

When the court issued its mandate directing the city council of Pleasant Hill to levy a tax to pay relators' judgment, or show cause

why it refused so to do, any showing of cause for refusal, if based upon the want of taxing power, should show that all taxes authorized by law had been levied, collected, and properly applied. Instead of such showing, the amended return made is that 1 per cent. has been assessed and collected on all real and personal property of the city, and that the amount thereof, $3,500, has been expended in city expenses, except about $1,500, which have been used in buying up judgments against the city; that the assessed value of the real and personal estate and merchandise for 1882 is $409,000. The remaining part of the return consists of statements of the large indebtedness of the city, and its inability to pay dollar for dollar; that the city has sought to compromise its indebtedness, and offered to do so with relator without success.

The city of Pleasant Hill, aside from the right to tax all property made taxable by law, has power to levy taxes on persons and various occupations, collect fines and impose penalties, as pointed out in the quotations from its charter, which power to tax, taking the return to be true, it has not exercised. It is not the proper answer to the mandate of a court to show that a partial tax has been levied and the proceeds thereof expended in city expenses and the purchasing of judgments. The court is entitled to know what are the full resources of the city, and whether they have been called into requisition, and how the revenues are expended. In the language of the twelfth section of the amended charter of 1871 the interest on the bonds issued under it "shall be provided for and paid out of the yearly revenue of said city," so that none of the revenue of the city can be used and employed for other than ordinary purposes, so long as creditors have a claim thereon. The purposes for which the ordinary revenues may be applied are pointed out in the law, and they must be applied accordingly.

On the other hand, it would seem that a creditor taking a bond of a municipal corporation whose taxing power at the time of the issuing of the bond was and still is limited, cannot insist on remedies beyond the limitation, but, as stated, may insist on the full and proper exercise of such powers within the limitation. This construction does not conflict with the provision of the execution law of Missouri, giving authority to courts to compel municipal corporations by *mandamus* to levy a tax to pay unsatisfied judgments. There is application for this provision in cases where no limitations as to taxation exist, as well as within the limitations, as in this case. The power of taxation is a legislative power, and cannot be inferred. Except in cases where

a denial would work injustice, as authorizing the creation of liabil-
ities, implied power may be inferred to raise the means for their sat-
isfaction. In the case under consideration the city of Pleasant Hill
had a floating debt, for the consolidation and settlement of which by
way of bonds the legislature sought to provide. The creditor had choice
between the evidence of debt possessed of and the new instruments
provided. In the instance before us the creditors preferred the bonds,
and took them under the limitations the law provides. It is no hard-
ship to hold them to their choice, which may be presumed to have
been wisely made. These views find support in the *Macon Co. Case,*
99 U. S. 589.

The case under consideration differs from *Britton* v. *Platte City,* 2
Dill. in this: that there is a provision in the Pleasant Hill act which
requires the interest on the bonds to be paid out of the yearly rev-
enues of the city. It is this provision which takes it out of the stat-
utes of Missouri providing for payment of municipal debts and pun-
ishing neglects, and out of the rulings in the *Louisiana Case,* 103 U.
S. 289, and the *Butz Case,* 8 Wall. 575.

The conclusions arrived at are that the return to the alternative
writ of *mandamus* is insufficient, in its failing to show that the city
council of Pleasant Hill has exhausted its power in the levy and col-
lection of taxes under power conferred upon it by the charter of the
city and its amendments, and by its failing to show the proper appli-
cation of the revenues collected. Unless the return is amended in
conformity to the views expressed, a peremptory writ of *mandamus* will
issue directing such an amount of the revenue of the city to be levied,
collected, and paid to relator as the court shall deem not oppressive.

McCRARY, C. J., concurs.